Filed 8/30/16  P. v. Agpaoa CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDY MARCOS AGPAOA,<br><br>    Defendant and Appellant. | F071501<br><br>(Kern Super. Ct. Nos. BF146559A &<br>BF157428A)<br><br><br>**OPINION** |

**THE COURT**<sup>*</sup>

        APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

        Karriem Baker, under appointment by the Court of Appeal, for Defendant and Appellant.

        Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>        Before Gomes, Acting P.J., Kane, J., and Detjen, J.

Appointed counsel for defendant Andy Marcos Agpaoa asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On different dates in September 2014, defendant committed various crimes, including first degree burglary (Pen. Code, § 460, subd. (a)).[1]

On January 27, 2015, he pled no contest to the burglary, admitted a prior felony conviction for first degree burglary (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d); § 667, subd. (a)), and admitted violating probation, in exchange for a 13-year term and a concurrent term on the probation violation. He initialed and signed a plea form, and the court inquired about his rights.

On February 26, 2015, in the burglary case, the trial court sentenced defendant to 13 years, according to the plea agreement: the middle term of four years, doubled to eight years pursuant to the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), plus a five-year enhancement (§ 667, subd. (a)). The court also ordered defendant to pay $4,000 restitution for the victim's losses, a $300 restitution fine (§ 1202.4, subd. (b)), a suspended $300 parole revocation fine (§ 1202.45), a $40 court security fee (§ 1465.8), a $30 criminal assessment fee (Gov. Code, § 70373). In the probation violation case, the court revoked probation and sentenced defendant to a concurrent two-year term. The court ordered defendant to pay the unpaid balances on his previously imposed fees and

---

[1] All statutory references are to the Penal Code unless otherwise noted.

fines, plus the previously suspended probation revocation fine of $280 (§ 1202.44).  The court ordered a suspended $280 parole revocation fine (§ 1202.45).

On April 27, 2015, defendant filed a notice of appeal.  His request for a certificate of probable cause was denied.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.